King, Haynes and Parker, JJ., Sixth Circuit, holding Court.

LAVINA PRICE v. JOHN C. SCHWARTZ.

TITLE TO A STOLEN BANK BILL MAY BE CONVEYED BY RECEIVER OF IT,

The title to a stolen bank bill received in good faith for a valuable consideration in the usual course of business vests in the person receiving it, and it may be lawfully conveyed by him, so that the purchaser will be entitled to retain its possession, as against the owner from whom it was stolen.

HEARD ON ERROR.

A stolen one hundred dollar bill was used by the thief in payment to the Pennsylvania Railway Company of a freight bill of four dollars, the remaining ninety-six dollars being handed back to the thief in change. The stolen bill was traced to the railway company and identified by its number; thereafter it was placed by the company temporarily in the hands of the police for the purpose of prosecuting the thief, and by the police was passed on to the prosecuting attorney. The trial being delayed, the city gave the railway company one hundred dollars in

currency in exchange for the bill, and subsequently the owner of the bill replevined it from the prosecuting attorney. Squire Kushman held in the replevin suit that title to the bill passed to the railway company, from whom the city in turn derived a good title. This holding was affirmed in the common pleas.

HAYNES, J.

The law seems to be settled that one who takes in good faith and for a valuable consideration in the usual course of business a bank bill, takes also a good title to the same although the same has been stolen, and although the same in fact is received from the thief himself.

Nor in our opinion does sec. 1914, Rev. Stat., affect the title of such purchaser or operate to deprive him of his property.

It follows that the railroad company having taken the bill in question in the manner above stated had a good title to the same which it lawfully conveyed to the city of Cincinnati, who was at the time of commencement of this suit the owner of and entitled to the possession of the same.

The judgment of the court of common pleas was, therefore, correct, and the same is hereby affirmed.

*C. S. Sparks*, for plaintiff in error. ·

*Frank M. Coppock*, for the city.